IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KIMBERLY MURPHY                                                                                     PLAINTIFF

      v.                                         CIVIL NO. 13-3070

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                  DEFENDANT

## ORDER

On June 5, 2013, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For reasons stated below, Plaintiff's motion is denied.

Federal courts have the statutory authority to permit the commencement of a civil action without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a). The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

Plaintiff's IFP application reveals that she receives approximately $1,636.00 per month in take-home pay from her employment. ECF No. 2. Her husband also works and receives $1,120.00 per month from his employment. Plaintiff owns a vehicle and a plot of land, on which she owes $5,200.00 and $15,000.00, respectively. Plaintiff also has a checking or savings account with a balance of $200.00+/- after bills are paid. Plaintiff's monthly expenses are as

follows: $300.00 for rent; $350.00 for car payment; $200.00 for mortgage on land; $188.00 for propane; $100.00+ for electric bill; and $75.00 for insurance. Plaintiff has no dependents.

Here, Plaintiff is by no means destitute. After subtracting her reported monthly expenses, Plaintiff has approximately $1,543.00 remaining. As such, Plaintiff has not shown that paying the filing fee would create an undue financial hardship. For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

Accordingly, Plaintiff's motion for leave to proceed IFP is DENIED. Plaintiff is directed to tender the filing fee of $400.00 by August 7, 2013. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

IT IS SO ORDERED this 8th day of July 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE